FRANKLIN OLIVER

*v.*

JOHN P. HART.

SAME

*v.*

SAME.

</div>

1. VERBAL AGREEMENT—*to postpone a trial.* The court is not bound to notice a mere verbal agreement between counsel to postpone the trial of a cause; and if such an agreement is violated by one of the parties, there is no remedy.

Statement of the case.

2. DISCRETION — ERROR. Where the dismissal of a cause for want of prosecution, is procured in violation of a verbal agreement to postpone the trial, the court will be justified in reinstating the cause upon the docket; but it is a matter of discretion, and not revisable on error.

WRITS OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

Precisely the same question is presented in both these cases, not at all involving the merits of either. In one of the cases the suit was originally commenced by Hart against Oliver, before a justice of the peace in Livingston county, where Hart recovered a judgment, from which Oliver appealed to the Circuit Court of that county. In the other case, Oliver instituted an action of assumpsit in the Circuit Court of Livingston county against Hart. Both the appeal case and the original suit were removed upon change of venue into the Circuit Court of Iroquois county, where such proceedings were had that on the motion of Hart, the appeal of Oliver, and his original suit, were both dismissed for want of prosecution. Thereupon, Oliver moved the court to reinstate both causes upon the docket, and in support of that motion presented the following affidavit:

"FRANKLIN OLIVER  
          *v.*        } Appeal.  
"JOHN P. HART.

"Franklin Oliver, the plaintiff in this cause, being duly sworn according to law, deposes and says, that he has a good cause of complaint in the above entitled cause, and that this cause came to the county of Iroquois by a change of venue from Livingston county, Illinois, and was continued at the last term of this court; that he did expect to be ready to try this cause at the present term, and is ready now to try this cause, and that he has taken depositions for that purpose, and has them now in court; that said depositions were taken on Thursday of last week, the 20th day of this present month; and that it was positively understood by this affiant, and one of his attorneys, Charles J. Beattie, and Woodford G. McDowell, one of the

attorneys in this cause, that the depositions in this cause should be taken on the day aforesaid, and this cause should be tried some day in the second week of this term of this court, and that this affiant did, in good faith, then believe that the said McDowell would act in good faith in that agreement, and has been misled by his confidence in the said McDowell; and that the said McDowell was present at the taking of the depositions, and cross-examined the witnesses on the opposite side with that understanding, that the cause would be passed until the second week of this term, for which purpose this affiant is now in attendance upon this court; and that there will be injustice done to this affiant unless this suit is reinstated, and a trial had in this cause; and that he, acting in good faith, has come here in feeble health on the aforesaid agreement; and that his actings and doings have not been for delay, but that justice might be done, and to stand to and abide by the agreement by the attorneys, — Charles J. Beattie, on his part, and Woodford G. McDowell, on the part of John P. Hart. And that this affiant further saith, that it was the understanding that the appeal cause of Hart against this affiant should be tried, likewise, this present week of this term; and that the depositions taken as aforesaid were to apply to both causes, and that if he had not been misled by the said agreement, he would have been in attendance upon this court on the first week of this term, to try the two causes; and this affiant prays that the orders to dismiss the aforesaid suits, be vacated, and that the suits aforesaid be reinstated, and that this affiant may have a trial of said causes."

The Circuit Court refused to reinstate the causes upon the docket, and, thereupon, Oliver sued out these writs of error, and now questions the propriety of that ruling.

Messrs. WOOD & LONG, for the plaintiff in error.

Messrs. JAMES FLETCHER and A. E. HARDING, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It does not appear there was any agreement reduced to writing to postpone the trial of this cause to the second week. A mere verbal agreement to do so, the court was not bound to notice.

If attorneys or parties violate such agreement, we know of no remedy. We are, however, free to say that the facts being brought to the notice of the court, would have fully justified the court in reinstating the cause. It was a matter of discretion, under the circumstances, and is not revisable in this court.

The judgment must be affirmed.

*Judgment affirmed.*